CHRISTINA R. MANALO, SBN 297718
christina@jmllaw.com
JML LAW, A Professional Law Corporation
5855 Topanga Canyon Blvd. Suite 300
Woodland Hills, CA 91367
Telephone: (818) 610-8800
Facsimile: (818) 610-3030

Attorneys for Plaintiff
MICHELLE HUGHES


JAMES T. CONLEY, SBN 224174
james.conley@ogletree.com
HAIDY M. RIVERA, SBN 322117
haidy.rivera@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:      916-840-3150
Facsimile:      916-840-3159

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE HUGHES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 1:23-cv-00949-JLT-BAM<br><br>**STIPULATION AND [PROPOSED] ORDER FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES AND PROTECTIVE ORDER RE: DEFENDANT'S INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES**<br><br>Action Filed: May 24, 2023<br>Trial Date:     September 9, 2025 |

WHEREAS, Defendant asserts that Plaintiff has placed her mental condition at issue in this litigation and as a result is entitled to a Defense Mental Examination; and

WHEREAS, Plaintiff therefore has agreed to undergo a Defense Independent Mental Examination subject to the terms and conditions set forth in this Stipulation; and

WHEREAS, this Stipulation and Protective Order for the Defense Independent Mental Examination provides for the designation of certain material used in the Exam and resulting from the Exam to be deemed Highly Confidential, which will be subject to the concurrently filed STIPULATION FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES AND PROTECTIVE ORDER RE: DEFENDANT'S INDEPENDENT MENTAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES.

## **STIPULATION**

NOW, THEREFORE, based on the above recitals, the Parties, through their undersigned counsel of record, stipulate as follows:

**1.** **Medical Examiner**: Dr. Judy Ho, Ph.D., a qualified medical examiner (referenced below as the "medical examiner"), will conduct the mental examination of Plaintiff.

**2.** **Mental Examination**: Plaintiff shall submit to a mental examination before the medical examiner pursuant to the terms of this stipulation.

**3.** **Attendees**: Only Plaintiff, the medical examiner, and the medical examiner's psychometrician, shall be present for the mental examination. Only the medical examiner will conduct the clinical interview.

**4.** **Scope**: The purpose of the mental examination is to assess Plaintiff's claimed mental and emotional distress and to evaluate the nature, causes, and extent of such distress. The examiner may question Plaintiff about treatment sought for emotional distress and the cost of such treatment. The examiner will not question Plaintiff about the amount of monetary damages sought in this action.

**5.** **Date and Location**: The medical examiner will conduct the mental examination using an evaluation process that manages and reduces the risk of disease transmission that are applicable to the provision of a comprehensive psychological evaluation. The psychological

2

STIPULATION FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES AND PROTECTIVE ORDER RE: DEFENDANT'S INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES

questionnaires portion of the evaluation will be administered via paper/pencil testing and/or a secure virtual platform (e.g., using HIPAA compliant zoom or the secure platform offered by the psychological questionnaire distributors).

6. The evaluation will be conducted completely virtually (using HIPAA compliant zoom and secure platform for the administration of psychological questionnaires). If this option is chosen, the Plaintiff agrees they will physically be in the state of California for the telehealth evaluation, as that is the requirements of Dr. Ho's California license to practice. The Plaintiff will require a laptop or tablet for the evaluation, a stable Wi-Fi connection, a desk and chair to work, and a quiet room without disruption.

7. **Time of Examination**: The parties will stipulate to the time for the beginning of the examination, and Plaintiff will appear on the agreed upon date, place, and at the examination time. If the exam has not commenced within 30 minutes of the agreed upon time, Plaintiff will be free to leave the medical examiner's office. Similarly, if Plaintiff does not arrive within 30 minutes, Dr. Ho will reserve the right to cancel the evaluation day and reschedule at another time when Plaintiff can show up on time.

8. **Duration**: The mental examination shall be limited to seven (7) hours exclusive of breaks. Breaks for personal comfort, lunch or necessity will be permitted as needed, but will be in addition to the seven (7) hour duration of the mental examination and will extend the duration of the mental examination by the length of the breaks taken. If any period of time exceeding 30 minutes goes by when Plaintiff is not being examined or a test is not being administered, except during agreed upon breaks, then the examination is to be considered completed and Plaintiff will be free to leave.

9. **Examination**: The mental examination may include an interview of Plaintiff and only those tests identified below:

    a. **Interview**: The interview shall cover a variety of relevant topics, including background information; the reported circumstances of onset of the alleged emotional injury or injuries; and how those symptoms have unfolded over time to the present, including any other assessments, treatments, or functional impairment. Pertinent

3

STIPULATION FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES AND PROTECTIVE ORDER RE: DEFENDANT'S INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES

58944272.v1-OGLETREE

areas of inquiry with regard to Plaintiff's background shall include developmental history, education, employment, social and marital history, legal history (such as disability claims, if any), general medical history, general psychiatric history, substance use, and family history. The defense medical examiner will elicit from Plaintiff an account of the onset and course of Plaintiff's emotional problems related to the alleged conduct of Defendant, culminating in a review of current psychiatric and physical complaints. The purpose of the interview is to differentiate between emotional complaints that may be pre-existing and unrelated to the alleged actions of Defendant; complaints that arose concurrently but unrelated to alleged actions of Defendant; complaints that arose as a result of Defendant's alleged conduct; complaints that are actually due to substance use or medications; complaints that are due to an underlying general medical disorder; or complaints that arose subsequent to the alleged actions of Defendant and are unrelated to Defendant's alleged conduct toward Plaintiff.

b. **Testing**: Testing shall be limited to: MMPI-3 (MMPI-3), Million Clinical Multiaxial Inventory (MCMI-IV), Personality Assessment Inventory (PAI), Mini-Mental State Examination-2 (MMSE-2), PTSD Checklist with Life Events Checklist (PCL-5 with LEC-5), Structured Clinical Interview for DSM-5 (SCID-5), Structured Interview of Reported Symptoms, 2nd Edition (SIRS-2), Structured Inventory of Malingered Symptomatology (SIMS), Substance Abuse Subtle Screening Inventory (SASSI-4), Beck Anxiety Inventory (BAI), Beck Depression Inventory (BDI-II), Beck Hopelessness Inventory (BHI).

c. Dr. Ho is permitted to inquire concerning the general health of family members and the existence of medical and mental conditions and whether treatment was received; however, plaintiff is not to be questioned regarding the specifics of any treatment, names of treating physicians, and details of the medical or mental conditions as the right to privacy of third parties are an issue.

        d.      Plaintiff is not to be questioned regarding past psychological treatment (i.e., prior to her employment with defendants), except that plaintiff may be asked if she ever underwent any form of psychological treatment, when, where, the number of sessions of treatment, the name of the health care provider, and the general reasons for the treatment (examples would be: couples counseling, grief therapy). In instances where more than one person may have participated in the counseling, the defense is not to ask the plaintiff the names of such participants, as the right to privacy of third parties is an issue.

        e.      Plaintiff is not to be questioned concerning her conversations with her counsel, or any other person affiliated with her counsel or her counsel's office, including but not limited to JML Law, A Professional Law Corporation.

        f.      Plaintiff shall be permitted to take reasonable breaks during the examination process, including but not limited to taking a lunch break, rest breaks, and bathroom breaks. If at any time during the proceedings, plaintiff has a reasonable good-faith belief that the proceeding has become abusive, she will immediately notify her counsel in order to try to resolve the matter at that time. Plaintiff has the right to terminate the proceeding and seek a protective order from the Court. If the parties are unable to resolve the issues and the Court order that the exam be reconvened, Defendant will have the full remaining time to complete the examination originally agreed upon, but not any additional time. The parties reserve the right to seek monetary sanctions as per the Code.

10.    **<u>No Physical Examination</u>**: The mental examination will involve no physical examination and involve no blood tests or other intrusive medical studies or procedures.

**<u>Recording</u>**: In addition to the defense medical examiner's notes, the medical examiner may memorialize the clinical interview portion of the mental examination with a voice-recording, either digitally or by audiotape. This recording shall be produced to Plaintiff.

Ms. Hughes will make an audio recording of the clinical interview portion of the

5

examination. The defense medical professionals and their staff will accommodate all reasonable requests to accomplish this recording, including, but not limited to taking any necessary breaks during the examination; taking a break if technical difficulties arise; making available an electrical outlet and all other reasonable accommodations to allow the effective recording of the mental examination.

11. This recording shall be produced to Defendant. Recordings produced subject to this Section shall be deemed Highly Confidential, subject to the Protective Order and the restrictions set forth in paragraphs 15 and 16 herein. Neither the defense medical examiner nor Plaintiff may videorecord any portion of the mental examination. The standardized assessment portions of the examination, including the administration of paper-and-pencil questionnaires, computerized questionnaires, and the administration of the semi-structured diagnostic interview (i.e., SCID 5) cannot be audio-recorded, videotaped, nor can photos be taken of the materials. These protocols constitute raw data and trade secrets and the defense medical examiner has ethical and legal obligations to maintain their confidentiality and administer these instruments with fidelity to standardized procedures.

12. **Exchange of Raw Data**: At the conclusion of any testing of Plaintiff by Dr. Ho, a copy of the actual test pages, raw data generated and all test results regarding Plaintiff shall be exchanged simultaneously with Plaintiff's respective experts in the specified field of expertise, whose information will be provided at a subsequent time. No other individuals will be able to receive said raw data and test materials due to the ethical and legal obligations described in sections below. However, if counsel must have copies of these materials themselves, all materials will only be produced after a signed protective order by the court is provided according to the terms set forth in paragraphs 16 and 17.

13. **Fees Associated with Examination**: Defendant will be responsible for all fees associated with this examination, including Dr. Ho's cancellation policy.

14. **No Disclosure of Insurance Information:** Plaintiff will not provide the defense medical examiner with her medical insurance information or other insurance information.

6

STIPULATION FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES AND PROTECTIVE ORDER RE: DEFENDANT'S INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES

15. **Plaintiff Will Not Create Documentary Evidence**: Plaintiff's right not to create items of demonstrative evidence for Defendant's use will not be violated. Therefore, Plaintiff will not be compelled to create any items of potential documentary evidence and will not fill out any charts, new patient records, forms, or histories that may be requested or provided by the defense medical examiner. Plaintiff will answer questions orally. Plaintiff recognizes the examiner's need to obtain a relevant medical history and will answer any reasonable relevant medical history questions posed by the examiner. Plaintiff will not provide or create a written medical history. Plaintiff shall not be required to fill out any patient information forms of any type whatsoever, including, but not limited to, "new patient" forms, insurance forms, identification forms, authorizations for records, arbitration forms, waivers and releases and will not be asked to do so by the defense medical professional or his/her staff. The defense medical professional's office will not take any photographs, finger prints or other identification information from the Plaintiff, including, but not limited to driver's license, Social Security number and home address.

## PROTECTIVE ORDER

16. **Confidential Nature of Examination and Reports:** The tests taken by Plaintiff as part of the mental examination, along with any notes and/or written reports and/or records maintained in any format, including electronic data, by Examiner are Highly Confidential medical records relating to Plaintiff's mental health. These records are Highly Confidential and their distribution should be subject to a protective order. Said records may be used by counsel in preparation for trial, in trial and in other proceedings in this matter, but for no other purpose. These records may not be used as exhibits to documents filed with the court except if filed under seal. At the conclusion of the litigation in this matter, whether by way of settlement or final judgment, counsel shall destroy all copies of Plaintiff's mental health records in their possession, custody and control and provide opposing counsel with a certificate of destruction within 30 days of the conclusion of the litigation or appeal therefrom.

17. **Production of Examiner's Testing and Raw Data:**

7

a.      Testing and Raw Data to Mental Health Expert: The defense medical examiner will provide to Plaintiff's mental health expert, as retained and designated by Plaintiff in writing in this action ("Plaintiff retained mental health expert"), all testing and raw data related to or generated by the mental examination. Similarly, Plaintiff's retained mental health expert shall also disclose to the defense medical examiner all testing and raw data related to or generated by any mental examination of Plaintiff conducted by Plaintiff's retained health expert.

b.      Production of Testing and Raw Data to Counsel: Generally, testing and raw data cannot be provided directly to or shared with counsel as they represent proprietary information or "trade secrets." Further, they can be misinterpreted by people who do not have the expertise or training to analyze them, and this may bring emotional or other substantial harm to the plaintiff. Dr. Ho therefore has legal and ethical obligations to protect such materials from disclosure to individuals who are not trained clinical psychologists. If counsel wishes to have copies of testing and raw data, the materials can only be provided if they are subject to a protective order that designates these materials as Highly Confidential. Specific provisions include marking every page clearly with a Highly Confidential stamp; 2) the content of these records may not be used as exhibits to documents filed with the court except if filed under seal; 3) portions of testimony that discusses raw data and testing materials should be separated and designated as highly confidential; 4) at the conclusion of the litigation in this matter, whether by way of settlement or final judgment, counsel shall destroy all copies of all testing and raw data in their possession, custody and control and provide opposing counsel with a certificate of destruction within 30 days; 5) disclosure of testing and raw data materials should be limited to the smallest audience possible necessary to conduct the activities pertaining to this litigation; and 6) individuals who receive such information must sign Exhibit A. The criteria above will

8

STIPULATION FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES AND PROTECTIVE ORDER RE: DEFENDANT'S INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES

62107476.v1-OGLETREE

allow Dr. Ho to satisfy the bare minimum legal and ethical requirements Dr. Ho must abide by regarding the transmission of such materials.

18. **Written Report:** Pursuant to Code of Civil Procedure § 2032.610, Plaintiff hereby demands and Defendant hereby agrees to produce upon completion, but in no event later than Dr. Ho's deposition:

a. A copy of a detailed written report setting out the history, examinations, findings, including the results of all tests made, diagnoses, prognoses, and conclusions of the examiner.

b. A copy of reports of all earlier examinations of the same condition of the examinee made by that or any other examiner.

c. Reports provided pursuant to this Section shall be deemed Highly Confidential and subject to the Protective Order and the restrictions discussed in paragraphs 16 and 17 herein.

19. Stipulation: Defendant and its counsel are to immediately transmit a copy of this Stipulation to Dr. Ho and promptly advise her that she must comply with the limitations imposed by the Stipulation. By proceeding with the examination, Dr. Ho shall be deemed to have consented to the terms of this Stipulation, and she agrees to abide by its terms.

**THEREFORE**, the Parties, through this Stipulation, respectfully ask that this Court issue an Order according to the Parties' Stipulation above.

DATED:  June 26, 2024              JML LAW, A PROFESSIONAL LAW
                                   CORPORATION


                                   By: /s/ 
                                         Christina R. Manalo

                                   Attorneys for Plaintiff MICHELLE HUGHES

9

STIPULATION FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES AND PROTECTIVE ORDER RE: DEFENDANT'S INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES

DATED:  June 27, 2024              OGLETREE, DEAKINS, NASH,
                                   SMOAK & STEWART, P.C.


                                   By: _____
                                       James T. Conley
                                       Haidy M. Rivera

                                   Attorneys for Defendant
                                   WAL-MART ASSOCIATES, INC.

10

STIPULATION FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES AND PROTECTIVE ORDER RE: DEFENDANT'S INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES

**ORDER**

Pursuant to stipulation and good cause appearing, the Court hereby approves this Stipulation to conduct the Independent Mental Examination. It is further ordered that the Parties shall comply with the terms of the Protective Order set forth above.

IT IS SO ORDERED.

Dated: __**June 28, 2024**__          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

11

STIPULATION FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES AND PROTECTIVE ORDER RE: DEFENDANT'S INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF MICHELLE HUGHES