1

2

3

4

5

6

7

8        UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MICHELLE HUGHES, an individual, | Case No.  1:23-cv-00949-JLT-BAM |
| 12        Plaintiff, | **ORDER VACATING SEPTEMBER 20, 2024 HEARING** |
| 13        v. | **ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY THE** |
| 14  WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive, | **SCHEDULING ORDER PURSUANT TO FRCP 16(b)(4), AND FOR LEAVE TO FILE** |
| 15 | **PLAINTIFF'S PROPOSED FIRST AMENDED COMPLAINT PURSUANT TO** |
| 16        Defendants. | **FRCP 15(a)(2)** |
| 17 | (Doc. 27) |
| 18 | |
| 19 | |

20        Currently pending before the Court is Plaintiff Michelle Hughes's motion to modify the

21  Scheduling Order for the limited purpose of allowing Plaintiff to amend her complaint and to

22  grant Plaintiff leave to file her proposed First Amended Complaint.  (Doc. 27.)  Defendant Wal-

23  Mart Associates, Inc. filed a response to the motion, which indicated that Defendant "will

24  respectfully decline to file an opposition [and] will instead defer to this Court's sound judgment."

25  (Doc. 32.)  In the absence of any opposition, the motion hearing set for September 20, 2024, is

26  VACATED, and the matter is deemed submitted on the current record.  L. R. 230(g).

27        Having considered the moving papers, along with the record in this case, Plaintiff's

28  motion will be granted pursuant to Federal Rules of Civil Procedure 16(b)(4) and 15(a).

**BACKGROUND**

On May 24, 2023, Plaintiff initiated this single-plaintiff employment case involving claims for alleged retaliation, gender discrimination, national origin discrimination, race discrimination, failure to prevent retaliation, and wrongful termination in violation of public policy in Tulare County Superior Court.  (Doc. 1-1.)  Defendant removed the action to this Court on June 23, 2023, based on diversity jurisdiction.  (Doc. 1.)

On September 26, 2023, the Court issued a Scheduling Conference Order.  (Doc. 14.)  Among other deadlines, Court set the deadline for amendment of the pleadings as December 6, 2023, and the non-expert discovery deadline as September 6, 2024.  (*Id.*)  Trial is currently scheduled for September 9, 2025.  (*Id.*)

On April 29, 2024, the Court held a mid-discovery status conference.  (Doc. 23.)  At that time, Plaintiff informed the Court that she intended to move to modify the Scheduling Order and to seek leave to amend to add additional facts to the complaint.  The Court indicated that the notice pleading standard would likely not require the addition of facts to the operative complaint, but nonetheless permitted Plaintiff to move for a modification of the Scheduling Order and leave to amend the complaint.  (*Id.*)

On July 27, 2024, Plaintiff filed the instant motion to modify the September 26, 2023 Scheduling Order for the limited purpose of allowing Plaintiff to amend her complaint beyond the deadline set for stipulating or moving to amend the pleadings, and to grant Plaintiff leave to file her proposed First Amended Complaint.  (Doc. 27.)  By the motion, Plaintiff does not seek to add any new parties, or any new causes of action or legal theories, or seek any expansion of damages against Defendant.  (*Id.* at 6.; Doc. 27-1, Declaration of Christina R. Manolo ("Manolo Decl.") ¶ 28.)  Rather, she seeks to add allegations to her complaint as to the various specific ethics complaints she lodged with Defendant during her employment to support her already existing retaliation claims.  (Manolo Decl. ¶ 28.)  The allegations "would simply elaborate as to the extent of the [Labor Code] 1102.5 cause of action, e.g., dates and information about all of Plaintiff's ethics complaints made to Defendant during her employment with Defendant."  (Doc. 27 at 13-14; *see also* Manolo Decl. ¶ 30.)  As background, Plaintiff explains that despite requesting her

ethics complaints from Defendant in November 2023, Defendant did not produce copies of those complaints until February 29, 2024, over two months after the deadline to file an amended complaint.  (*Id.* at 7-8, 11-12.)  Further, Plaintiff became aware of new facts surrounding those involved in her termination during the deposition of Angelica Baeza on March 8, 2024, over three months after the deadline to file an amended complaint.  (*Id.* at 12.)  Plaintiff now requests modification of the Scheduling Conference Order to allow for the filing of a First Amended Complaint.  Defendant responded to the motion, indicating that it declined to file an opposition and would instead defer to this Court's judgment. (Doc. 32.)

## LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 16

Plaintiff's request to amend comes after expiration of the relevant Scheduling Conference Order deadline for amendment to the pleadings.  The Court therefore must apply the standard for amending a scheduling order under Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (finding district court correctly addressed motion for leave to amend under Rule 16 because it had issued a pretrial scheduling order that established a timetable for amending the pleadings and the motion was filed after the deadline had expired); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), and are "the heart of case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).  Indeed, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*,

108 F.R.D. 138, 141 (D. Maine 1985)). Accordingly, pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air Conditioning W.L.L. v. Salem*, No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020) ("Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order 'only for good cause.'"). As the Ninth Circuit has explained,

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

The party seeking to modify a scheduling order bears the burden of demonstrating good cause. *Handel v. Rhoe*, No. 14-cv-1930-BAS(JMA), 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 608-609). The Court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. If the party was not diligent, then the inquiry should end. *Id.* If, however, there is good cause to modify the scheduling order pursuant to Rule 16(b), the Court will then turn to Rule 15(a) to determine whether the movant's requested amendment to the pleading should be granted. *Ramos v. FCA US LLC*, No. 1:17-CV-00973, 2019 WL 2106172, at *5 (citing *Jackson*, 186 F.R.D. at 607).

**B. Federal Rule of Civil Procedure 15(a)**

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the

merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted).  These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor.").  Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

**DISCUSSION**

As indicated, Plaintiff's request to amend the complaint comes after expiration of the relevant deadline for amendment of the pleadings set forth in the Scheduling Conference Order. Plaintiff is therefore required to demonstrate good cause to modify the Scheduling Conference Order.  *See Coleman*, 232 F.3d at 1294–95; *Johnson*, 974 F.2d at 609. Accordingly, the Court examines Plaintiffs' diligence to determine whether amendment of the Scheduling Conference Order is proper. *Phillips-Kerley v. City of Fresno*, No. 1:18-cv-00438-AWI-BAM, 2021 WL 1966387, at *3 (E.D. Cal. May 17, 2021).

In determining diligence, the Court can inquire into (1) whether the movant was diligent in aiding the Court in creating a scheduling order, (2) whether matters that were not, and could not be foreseeable at the time the scheduling order was entered caused the need to amend, and (3) whether the movant was diligent in attempting to amend the scheduling order once the need to amend became apparent. *Gonzalez v. Jones*, No. 2:15-cv-2448-TLN-KJN, 2020 WL 9144005, at

1   *2 (E.D. Cal. April 13, 2020) (citation omitted).

2          Here, the Court finds good cause to allow for modification of the Scheduling Conference

3   Order.  Plaintiffs aided the Court in creating a scheduling order, by participating in the filing of a

4   Joint Scheduling Report and in a Scheduling Conference with the Court.  (Docs. 12, 13, 14.)

5   As to the need to amend, Plaintiff's ethics complaints were not produced until February 2024, and

6   new facts surrounding those involved in Plaintiff's termination were not discovered until March

7   2024.  These events both occurred after the Scheduling Conference Order was entered and the

8   deadline for amendment had expired.  As to seeking amendment, in April 2024, Plaintiff notified

9   the Court and Defendant of her intent to seek modification of the Scheduling Conference Order to

10  allow her to move for leave to amend.  (Doc. 23.)  In June 2024, Plaintiff's counsel emailed

11  Defendant's counsel a copy of a redline draft of a proposed amended complaint, and asked

12  whether Defendant would agree to modification of the Scheduling Order to permit the filing of

13  the First Amended Complaint.  (Manolo Decl. ¶ 25, Ex. P.)  Defendant responded on July 3,

14  2024, indicating it would not stipulate to the filing, but would not oppose a motion with regard to

15  the filing of the First Amended Complaint.  (*Id.*, ¶ 26, Ex. Q.)  Plaintiff then filed the instant

16  motion on July 27, 2024.  (Doc. 27.)

17         Based on this record, Plaintiff appears diligent in seeking leave to modify the Scheduling

18  Conference Order and to amend the complaint.  Moreover, Defendant's response to the motion in

19  no way challenges Plaintiff's diligence in seeking leave to amend.  Accordingly, the Court finds

20  that Plaintiff has demonstrated good cause to amend the Scheduling Conference Order under Rule

21  16(b).  The Court now turns to Rule 15(a) to determine whether Plaintiff's requested amendment

22  to the complaint should be granted. *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221,

23  1224 (E.D. Cal. 2008)  ("Only after the moving party has demonstrated diligence under Rule 16

24  does the court apply the standard under Rule 15 to determine whether the amendment was

25  proper.").

26         Under Rule 15(a), leave to amend need not be granted when the amendment: (1)

27  prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation;

28  or (4) is futile.  *See Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 478 (E.D. Cal. 2022).

In considering the relevant factors, the Court finds that leave to file a first amended complaint should be granted.  First, there is no indication of undue delay.  As discussed above in the Rule 16 analysis, Plaintiff did not receive her ethics complaints in discovery until February 2024, and she did not learn relevant facts about her termination until a deposition taken in March 2024.  Thereafter, Plaintiff diligently sought modification of the Scheduling Conference Order and amendment of her complaint.  Additionally, there is no indication that the proposed amendment would produce an undue delay in this litigation.  Plaintiff avers that the proposed amendment will not have an impact on or result in the need for new or different discovery.  (Doc. 27 at 15; *see also* Manolo Decl. ¶¶ 28-30.)

Second, there will be little prejudice to Defendant in permitting the amendment.  Plaintiff does not seek to add any new parties or new legal theories or causes of action.  She only seeks to add allegations to support her existing retaliation claims.  Plaintiff asserts that Defendant has had the relevant information and documents in its possession the whole time and has been able to conduct discovery on the matters Plaintiff seeks to detail in her proposed amendment.  (Doc. 27 at 15; *see also* Manolo Decl. ¶28.)  Critically, Defendant declined to oppose the motion on any basis, including prejudice.

Third, there is no indication that amendment is futile.  Plaintiff only seeks to add factual allegations to her complaint to support her already pending claims, not assert new theories or claims.

Fourth, there is no indication that the amendment is brought in bad faith.  Plaintiff is not attempting to extend discovery, delay this litigation by modifying the existing pretrial and trial deadlines, or otherwise expand the claims, theories, or damages sought against Defendant. Lastly, Plaintiff has not previously amended the complaint.

## CONCLUSION AND ORDER

For the reasons explained above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to modify the Scheduling Conference Order and for leave to file a First Amended Complaint (Doc. 27) is GRANTED; and

2. Within five (5) court days, Plaintiff shall file the First Amended Complaint, a copy of

which was attached as Exhibit S to the Declaration of Christina Manalo in support of the motion.

3. As necessary and appropriate, Defendant shall file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following service of the First Amended Complaint.

4. All other dates in the Scheduling Order shall remain in full force and effect.

IT IS SO ORDERED.

Dated:   __September 17, 2024__          ____/s/ Barbara A. McAuliffe____
                                        UNITED STATES MAGISTRATE JUDGE

8