**JML LAW**, A PROFESSIONAL LAW CORPORATION
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, California 91367
Tel:  (818) 610-8800
Fax: (818) 610-3030
CHRISTINA R. MANALO (Cal. SBN 297718)
christina@jmllaw.com
EMILY M. KARSIK (Cal. SBN 354681)
ekarsik@jmllaw.com

Attorneys for Plaintiff
**MICHELLE HUGHES**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HUGHES, an individual;<br><br>　　　　Plaintiff<br><br>　　vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive;<br><br>　　　　Defendants. | Case No.:  1:23-cv-00949-JLT-BAM<br><br>**FIRST AMENDED** COMPLAINT FOR:<br><br>1. **LABOR CODE SECTION 1102.5 RETALIATION;**<br>2. **GENDER DISCRIMINATION IN VIOLATION OF FEHA;**<br>3. **NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ*. [FEHA];**<br>4. **RACE DISCRIMINATION IN VIOLATION OF FEHA;**<br>5. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>6. **RETALIATION IN VIOLATION OF FEHA;**<br>7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**DEMAND FOR JURY TRIAL**<br><br>AMOUNT DEMANDED EXCEEDS $25,000.00 |

Plaintiff, MICHELLE HUGHES, hereby brings her complaint against the above-named Defendants and states and alleges as follows:

## PRELIMINARY ALLEGATIONS

1.     At all times material herein, Plaintiff MICHELLE HUGHES (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, County of Tulare.

2.     Plaintiff is informed, believes, and based thereon alleges that Defendant WAL-MART ASSOCIATES, INC. (hereinafter referred to as "WALMART") is a Delaware corporation, and was at all times mentioned in this complaint duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, and in Tulare County.

3.     The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said fictitious names.  Plaintiff is informed and believes that each of the Defendants named as a DOE Defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff.  Plaintiff will in the future seek leave of this court to show the true names and capacities of these DOE Defendants when it has been ascertained.

4.     Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.

5.     Plaintiff is informed and believes that each Defendant conspired with, aided and abetted, ratified the conduct of, knowingly acquiesced in, acted with the consent and permission of, and accepted the benefits of each other Defendant with respect to the matters alleged herein.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

6.     Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, partner,  joint-employer, alter-ego, joint venture, affiliate, and/or co-conspirator with or of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other Defendants named herein.

7.     Finally, Defendants are liable for the acts of their employees under the doctrine of *respondeat superior* and via conspiracy liability.  Each of the acts described above and further described below under each Cause of Action was perpetrated during the course and scope of employment of the actors, was carried out with knowledge of Defendants, was condoned and ratified, and/or was taken pursuant to an implied agreement by Defendants to deliberately take said actions.

8.     Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

9.     The jurisdiction of this Court is proper for the relief sought herein, and the amount demanded by Plaintiff exceeds $25,000.

## FACTUAL ALLEGATIONS

10.     Defendant Walmart hired Plaintiff Michelle Hughes on November 2, 1995, as a Cashier.  Defendant promoted Plaintiff to Assistant Manager in or about 2009, to Co-Manager in or about 2014, and to Asset Protection Manager in or about 2018. Defendant subsequently promoted Plaintiff to General Manager Coach ("GM Coach") in or about 2019.

11.     Plaintiff worked as a GM Coach from approximately 2019 through the end of her employment.

12.     At all relevant times, Plaintiff worked for Defendant in Tulare County.

13.     Plaintiff is a Caucasian woman.

14.     Plaintiff's national origin is of the United States.

15.     At all relevant times, Plaintiff was the only female manager at the Wal-Mart location where she worked.

16.     At all relevant times, Francisco Last Name Unknown ("LNU") was Plaintiff's manager and supervisor.  Francisco is a Hispanic male.

17.     During her employment, while Plaintiff worked as the only female manager in her store, Defendant Walmart treated Plaintiff less favorably than her male coworkers. Specifically, in or about 2020, Plaintiff applied for a promotion to the position of Store Lead.  Defendant failed to promote Plaintiff to this position and instead gave the promotion to a male manager who was less qualified. Plaintiff alleges that she was denied this promotion due to her gender/sex.

18.     Additionally, Defendant assigned Plaintiff a total of 22 departments to cover in her role as GM Coach. In contrast, within the same store, Defendant assigned a male GM Coach a total of 7 departments.  Defendants also assigned the other male GM coaches a total of 2 departments and 2 departments, respectively.  Plaintiff alleges that Defendant assigned her significantly more work and treated her less favorably than her male colleagues due to her gender/sex.

19.     During the course of Plaintiff's employment with Defendants Plaintiff disclosed information to agents of Defendant Walmart which she reasonably believed constituted violations of state and federal statutes, rules and regulations. These agents had authority over Plaintiff and/or had the authority to investigate, discover or correct the alleged violations.

20.     Plaintiff filed several complaints to Defendant during her employment, including to Defendant's ethics line, regarding conduct that she believed to be unlawful. In or about late July 2021, Plaintiff filed an ethics complaint with Defendant Walmart regarding race discrimination and national origin discrimination.  Specifically, Plaintiff complained to Defendant that her manager Francisco conducted a tour of the store while speaking only in Spanish, and while Plaintiff was the assigned notetaker for the tour.  At all relevant times, Plaintiff did not understand Spanish or speak Spanish. As a result of

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

4

FIRST AMENDED COMPLAINT

Francisco speaking only Spanish during the tour of the store, and as a result of Francisco failing to translate any of the work discussion to English, Plaintiff was unable to perform her job duties as notetaker because she did not understand Spanish nor speak Spanish. Plaintiff further complained to Defendant Walmart that manager Francisco spoke only in Spanish during staff meetings even though Plaintiff does not speak Spanish. At all relevant times, Plaintiff is informed and believes, and based thereon alleges, that Manager Francisco was aware that Plaintiff did not speak Spanish.

21.   In or about late July 2021, Plaintiff also complained to Defendant Walmart regarding racial harassment toward one of her coworkers. Specifically, Plaintiff complained that during a management meeting, her manager Francisco remarked to a Black employee" "Why don't you have some of your friends come down and rip that off?" in reference to a Redbox DVD machine that he wanted to discard from the store. Plaintiff was offended by her racially harassing work environment and informed Defendant Walmart that she felt that this comment was racially derogatory towards Black people.

22.   At the time Plaintiff made these complaints to Defendant Walmart, Plaintiff reasonably believed her manager's discriminatory conduct constituted unlawful conduct.

23.   Defendant failed to conduct a reasonable and good faith investigation of Plaintiff's complaint(s) of discrimination and harassment, and failed to take reasonable action to prevent further harassment from occurring. As a result, the discrimination and harassment of Plaintiff continued.

24.   In or about August 2021, Plaintiff's manager Francisco asked Plaintiff about her career goals at Walmart and then informed her that: "You have to know whose back to have." Plaintiff is informed and believes, and based thereon alleges, that Francisco was referring to the ethics complaint that Plaintiff filed regarding Francisco's conduct.

25.   In or about November 2021, Defendant Walmart issued disciplinary write-ups to Plaintiff for work issues that occurred during shifts that she was not scheduled to

work.  Plaintiff alleges that Defendant issued discipline to Plaintiff due to her gender, and due to retaliatory animus for her protected complaints of discrimination and harassment based on race and national origin.

26.    In or about January 2022, Plaintiff filed another ethics complaint with Defendant Walmart wherein she reported that the interim manager instructed store employees to change the hours on their time cards in order to falsely reflect that these employees received timely meal breaks, even though the meal breaks were not timely provided.

27.    On or about March 22, 2022, Asset Protection Manager Juan Herrera instructed Plaintiff and her coworker Carl Smith to falsify inventory counts of glasses in the Vision Center. Specifically, Manager Juan Herrera told Plaintiff and Carl Smith to "Go ahead and write that the glasses are there. I'm sure they'll pop up"  for $8,000-$9,000 worth of inventory that was not actually present in the  store. Plaintiff refused to falsify the inventory numbers.

28.    On or about March 30, 2022, Plaintiff filed an ethics complaint with Defendant Wal-Mart, wherein she reported that Manager Juan Herrera had instructed her to falsify and inflate inventory counts. Plaintiff also reported to Defendant Wal-Mart that both Store Manager Angelica Baeza and Manager Juan Herrera were staring at her and Carl Smith as they counted the inventory, after being instructed by Mr. Herrera to inflate the count. At the time of her complaint, Plaintiff reasonably believed the act of inflating inventory to be unlawful, and reasonably believed her Manager's instructions to falsify inventory counts to be unlawful.

29.    On or about April 3, 2022, Store Manager Angelica Baeza required Plaintiff to start working the overnight shift rather than her regular day shift at Wal-Mart, and informed Plaintiff that her day-shift duties would be covered while Plaintiff switched to the night shift.

30.    On April 24, 2022, less than 3 weeks after Plaintiff submitted her Ethics complaint, Store Manager Ms. Baeza issued Plaintiff an Orange-level disciplinary action

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

FIRST AMENDED COMPLAINT

for alleged job performance issues that occurred during the day shift, while Plaintiff was not assigned to work the day shift.   Plaintiff noted in the disciplinary action dated April 24, 2022, that she had been working the overnight shift for the entirety of the 3 weeks preceding the disciplinary action.

31.    Plaintiff alleges that Defendant issued discipline to Plaintiff due to her gender, actual/perceived race/national origin, and retaliatory animus for her protected complaints of what she believed to be unlawful conduct, including her Ethics complaints, and including her complaints of being instructed to engage in inventory fraud.

32.    On April 26, 2022, Store Manager Baeza pulled Plaintiff's team of associates away from her area of the store and to work in Manager Jose Gonzalez's department.    Store Manager Baeza required Plaintiff's team of associates to continue working in freight with Manager Jose Gonzalez, and away from their usual area under Plaintiff for weeks thereafter.

33.    On May 11, 2022, Manager Juan Herrera and Store Manager Angelica Baeza issued a Red-Level final disciplinary write-up to Plaintiff for work issues related to warp audits that occurred for the prior 4-week period, including during shifts for weeks that Plaintiff  Hughes was not physically present in the store (because Baeza had assigned Plaintiff to the overnight shift for three weeks). Red-level warnings are the final step in discipline before termination at Wal-Mart. Plaintiff is informed and believes, and based thereon alleges, that Defendant issued her with her Red-Level disciplinary write-up in retaliation for her ethics complaint to Defendant that Manager Juan Herrera had instructed Plaintiff to conduct inventory fraud, and her refusal to commit inventory fraud. Plaintiff had never previously received a Red-level disciplinary action in all of her 26 years of employment with Defendant Wal-Mart.

34.    Plaintiff is informed and believes, and based thereon alleges, that Defendant took these adverse actions against Plaintiff due to animus for her gender/sex, her actual/perceived race, her actual/perceived national origin, and her protected complaints to Defendant Walmart regarding conduct that she believed to be unlawful,

including her supervisor's instruction that she commit inventory fraud and her refusal to commit inventory fraud.

35.    On or about June 20, 2022, Defendant terminated Plaintiff for pretextual reasons.

36.    Substantial motivating factors in Plaintiff's termination were her gender/sex, her actual/perceived race, her actual/perceived national origin, and her protected complaints to Defendant Walmart regarding what she believed to be unlawful conduct, including her complaints regarding her supervisor instructing her to engage in inventory fraud, and her refusal to commit inventory fraud.

37.    Plaintiff exhausted her administrative remedies by filing a complaint with the California Civil Rights Department ("CCRD") against Defendants on May 23, 2023. The CCRD issued Plaintiff an immediate right-to-sue letter on May 23, 2023.

## FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE SECTION 1102.5

### (Against WAL-MART ASSOCIATES, INC., and DOES 1 through 50)

38.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

39.    At all times mentioned herein California Labor Code §§ 1102.5 *et seq.* were in full force and effect and were binding on Defendants and each of them.

40.    California Labor Code § 1102.5(a) provides: "An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

41.    California Labor Code § 1102.5(b) provides: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

42.    California Labor Code § 1102.5(c) provides: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

43.    As set forth above, Plaintiff complained to Defendant on several occasions regarding incidents that she believed to be in violation with local, state, and/or federal laws/rules/regulations/ unlawful. In response to her complaints of what she believed to be unlawful conduct, and in response to her refusal to engage in inventory fraud/falsifying inventory counts, Defendant disciplined her and then terminated her.

44.    During the course of Plaintiff's employment with Defendants, Plaintiff disclosed information to agents of Defendant Walmart, which she reasonably believed constituted violations of state and federal statutes, rules and regulations. These agents had authority over Plaintiff and/or had the authority to investigate, discover or correct the alleged violations.

FIRST AMENDED COMPLAINT

45.    As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff has lost, and will continue to lose, earnings and benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this court.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

46.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

47.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Labor Code § 1102.5.

48.    Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage her, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

49.    Plaintiff is informed and believes and based thereon alleges that Defendants engaged in a pattern and practice of terminating and/or otherwise retaliating against employees such as Plaintiff when they disclosed information about suspected illegal activities. Defendants engaged in this conduct instead of informing whistleblowing employees of their protections under the law and implementing a plan to protect them from retaliation. Plaintiff should, therefore, be awarded exemplary and punitive damages

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

FIRST AMENDED COMPLAINT

against each Defendant in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct.

## **SECOND CAUSE OF ACTION**
### **SEX/GENDER DISCRIMINATION**
### **IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)**
### **(Against WAL-MART ASSOCIATES, INC., and DOES 1 through 50)**

50.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at this place.

51.    At all times herein mentioned, California Government Code §§ 12940 et seq., the Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons.

52.    California Government Code § 12940(a) requires Defendant to refrain from discriminating against any employee on the basis of sex and/or gender.

53.    Substantial motivating factors in her termination included animus for Plaintiff's gender/sex.

54.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

55.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

56.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(c).

57.    Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent discrimination based on sex and gender against and upon employees of Defendants.  Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendants in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct.

58.    Furthermore, Plaintiff is informed and believes and based thereon alleges that Defendants had a pattern and practice of discriminating against and harassing employees due to their sex and gender.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct.

### THIRD CAUSE OF ACTION

### NATIONAL ORIGIN DISCRIMINATION

### IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)

### (Against WAL-MART ASSOCIATES, INC., and DOES 1 through 50)

59.    Plaintiff restates and incorporates by this reference all preceding paragraphs as if fully set forth herein.

60.    At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on Defendant, as Defendant regularly employed five (5) or more persons.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

61.     California Government Code § 12940(a) requires Defendants to refrain from discriminating against any employee on the basis of their actual and or/perceived national origin.

62.     Cal. Code Regs., Tit. 2, § 11028(a) prohibits employers from adopting or enforcing a policy that limits or prohibits the use of any language in the workplace, including, but not limited to, an English-only rule, unless: (A) The language restriction is justified by business necessity; (B) The language restriction is narrowly tailored; and (C) The employer has effectively notified its employees of the circumstances and time when the language restriction is required to be observed and of the consequence for violating the language restriction.

63.     Defendants subjected Plaintiff to different terms and conditions of employment based on Plaintiff's known and/or perceived national origin, in violation of the FEHA. The acts created an intimidating, oppressive, hostile, offensive and abusive work environment, which altered and impaired Plaintiff's employment and emotional well-being.

64.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

65.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

66.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(c).

67.     Defendants had in place policies and procedures that specifically prohibited discrimination based on national origin and required Defendants' managers, officers, and agents to prevent national origin discrimination against and upon employees of Defendants.  However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Defendants also had a pattern and practice of discriminating against employees on the basis of their national origin.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## FOURTH CAUSE OF ACTION

## RACE DISCRIMINATION

## IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)

## (Against WAL-MART ASSOCIATES, INC., and DOES 1 through 50)

68.     Plaintiff restates and incorporates by this reference all preceding paragraphs as if fully set forth herein.

69.     At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more person

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

70.    California Government Code § 12940(a) requires Defendants to refrain from discriminating against any employee on the basis of race.

71.    Defendants subjected Plaintiff to different terms and conditions of employment based on Plaintiff's known and/or perceived race and national origin in violation of the FEHA. The acts created an intimidating, oppressive, hostile, offensive and abusive work environment, which altered and impaired Plaintiff's employment and emotional well-being.

72.    Employer Defendants failed to conduct a reasonable and good faith investigation of Plaintiff's complaint(s) of discrimination and harassment, and failed to take reasonable action to prevent further harassment from occurring. As a result, the discrimination and harassment of Plaintiff continued.  Furthermore, Plaintiff is informed and believes and based thereon alleges that during Plaintiff's employment with Employer Defendants, Defendant WALMART and other agents of Defendants harassed other employees on the basis of their race and/or national origin.

73.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

74.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

75.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(c).

76.     Employer Defendants had in place policies and procedures that specifically prohibited discrimination and harassment based on race and required Employer Defendants' managers, officers, and agents to prevent race discrimination against and upon employees of Employer Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Defendants also had a pattern and practice of discriminating against employees on the basis of their race. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## FIFTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION

## IN VIOLATION OF GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)

## (Against WAL-MART ASSOCIATES, INC., and DOES 1 through 50)

77.     Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

78.     At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them. These sections impose

on an employer a duty to take immediate and appropriate corrective action to end discrimination and take all reasonable steps necessary to prevent discrimination from occurring, among other things.

79. Defendants violated Government Code § 12940 (j) and (k) by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as described herein.

80. Defendants failed to fulfill their statutory duty to timely take immediate and appropriate corrective action to end the discrimination and also failed to take all reasonable steps necessary to prevent the discrimination from occurring.

81. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination, and in failing and/or refusing to take and or all reasonable steps necessary to discrimination from occurring, Defendants violated Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

82. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

83. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

84.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(c).

85.     Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent race and national origin discrimination against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, race/national origin discrimination against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SIXTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)

### (Against WAL-MART ASSOCIATES, INC., and DOES 1 through 50)

86.     Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

87.     California Government Code § 12940 requires Defendants to refrain from retaliating against any employee on the basis of complaints of discrimination and/or harassment.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

88.     In retaliation for Plaintiff's aforementioned protected activity, including complaints to Defendants of discrimination and harassment, Defendants wrongfully terminated her.

89.     Defendants' conduct, as alleged above, constituted unlawful retaliation in violation of Government Code § 12940(h).

90.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

91.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

92.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(c).

93.     Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent retaliation for engaging in protected activity under the FEHA against and upon employees of Defendants.  Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent,

and investigate retaliation based on protected activity against and upon employees of

Defendants. However, Defendants chose to consciously and willfully ignore said

policies and procedures and therefore, Defendants' outrageous conduct was fraudulent,

malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the

rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted,

participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct

alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages

against each Defendant in an amount to be established that is appropriate to punish each

Defendant and deter others from engaging in such conduct.

94.     Plaintiff is informed and believes, and based thereon alleges that

Defendants and their managers, officers, and managing agents had a pattern and practice

of wrongfully terminating employees who engaged in protected activity under the FEHA.

Plaintiff should, therefore, be awarded exemplary and punitive damages against each

Defendant in an amount to be established that is appropriate to punish each Defendant

and deter others from engaging in such conduct.

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against WAL-MART ASSOCIATES, INC., and DOES 1 through 50)

95.     Plaintiff incorporates by reference all preceding paragraphs as if fully set

forth at this place.

96.     "[W]hen an employer's discharge of an employee violates fundamental

principles of public policy, the discharged employee may maintain a tort action and

recover damages traditionally available in such actions." *Tameny v. Atlantic Richfield Co.*

(1980) 27 Cal.3d 167, 170. "[T]he cases in which violations of public policy are found

generally fall into four categories: (1) refusing to violate a statute; (2) performing a

statutory obligation (3) exercising a statutory right or privilege; and (4) reporting an

alleged violation of a statute of public importance." *Gantt v. Sentry Insurance* (1992) 1

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

Cal.4th 1083, 1090-1091. Similarly, "an employer's authority over its employee does not include the right to demand that the employee commit a criminal act to further its interests, and an employer may not coerce compliance with such unlawful directions by discharging an employee who refuses to follow such an order . . ." *Tameny, supra*, 27 Cal.3d at p. 178.

97.    The public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California.

98.    California Labor Code § 1102.5(b) provides: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

99.    California Labor Code § 1102.5(c) provides: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

100.    At all times herein mentioned, California Government Code §§ 12940 *et seq*. were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.  Under the Fair Employment

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

and Housing Act ("FEHA"), Government Code §§ 12940 *et. seq.*, it is an unlawful employment practice for an employer because of their gender/sex, known/perceived race, or known/perceived national origin, to discharge the person from employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. California Government Code § 12940(h) makes it unlawful for any employer to terminate an employee on account of their known/perceived race, known/perceived national origin, or their gender/sex and/or because they engaged in protected activity.

101. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in Government Code §§ 12940, *et seq.*, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of, but not limited to, known/perceived race, known/perceived national origin, or their gender/sex as identified in California Government Code § 12940(a)-(o). This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in Government Code §§ 12940, *et seq.*, and the laws and regulations promulgated thereunder.

102. On or about June 20, 2022, Defendant terminated Plaintiff for pretextual reasons. Substantial motivating factors in Plaintiff's termination were her gender/sex, her actual/perceived race, her actual/perceived national origin, and her protected complaints to Defendant Walmart regarding discrimination, harassment, and regarding her supervisor asking employees to change their hours on their time cards to falsely reflect that these employees received meal breaks.

103. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

104.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

105.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.

106.   Defendants had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Defendants also had a pattern and practice of discriminating against employees. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

///
///
///
///

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.    For general damages, according to proof;

2.    For special damages, according to proof;

3.    For loss of earnings, according to proof;

4.    For prejudgment interest, according to proof;

5.    For punitive and exemplary damages, according to proof;

6.    For costs of suit incurred herein;

7.    For attorneys' fees and costs;

8.    For such other relief that the Court may deem just and proper;

9.    For all equitable relief recoverable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.


DATED:  September 19, 2024          JML LAW, A Professional Law Corporation


By:    __/s/ Christina R. Manalo_____

                        CHRISTINA R. MANALO
                        EMILY M. KARSIK
                        Attorneys for Plaintiff MICHELLE HUGHES

FIRST AMENDED COMPLAINT