UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HUGHES, an individual,<br>Plaintiff,<br>v.<br>WAL-MART ASSOCIATES, INC., et al.,<br>Defendants. | CASE No.: 1:23-CV-00949-JLT-FJS<br><br>ORDER GRANTING JOINT STIPULATION TO DISMISS WITH PREJUDICE IN PART<br><br>(ECF No. 53) |

On October 19, 2026, the parties filed a stipulation of dismissal of the entire action with prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (ECF No. 53.) The stipulation includes a request that the court "retain jurisdiction to enforce the terms of the parties' settlement agreement until the completion of all settlement obligations." (*Id.* at 2.) The parties aver that settlement obligations are expected to be completed by November 27, 2026. (*Id.*) The stipulation further indicates that each party shall bear their own attorney's fees and costs. (*Id.*)

"Once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance but rather the settlement of the action." *Valencia v. Nissan N.A., Inc.*, No. 1:25-CV-00989-JLT-SAB, 2025 WL 3776640, at *1 (E.D. Cal. Dec. 31, 2025). In addition, absent a specific request and showing of good cause, the court generally declines generic requests to retain jurisdiction following dismissal. And such

retention requires a subsequent order of approval from the court retaining jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation.... Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.")

Here, it appears that the parties are requesting that the court retain jurisdiction after dismissal for *performance* of the parties' agreement. Yet the parties fail to provide any facts demonstrating good cause for the court to retain jurisdiction for mere performance of a finalized settlement agreement. Accordingly, the court DENIES the stipulation to the extent that it seeks to have the court retain jurisdiction following the stipulated dismissal.

Nonetheless, in light of the stipulation of dismissal, this action has been terminated, *see* Fed. R. Civ. P. 41(a); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997), and has been dismissed with prejudice. Accordingly, the clerk of the court is HEREBY ORDERED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a)(1).

IT IS SO ORDERED.

Dated: **October 20, 2026**

UNITED STATES MAGISTRATE JUDGE